

Search for Cases by: Select Search Method...

Judicial Links　|　eFiling　|　Help　|　Contact Us　|　Print　　　GrantedPublicAccess　Logoff ADAMSMOBAR48448

**20SL-CC05968 - BELVERLY BOGAN V WALMART, INC. ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending

Display Options: All Entries

---

**01/07/2021** ☐ **Corporation Served**

Document ID - 20-SMCC-10993; Served To - WALMART, INC.; Server - CT CORP; Served Date - 06-JAN-21; Served Time - 00:00:00; Service Type - Territory 30; Reason Description - Served; Service Text - LC

☐ **Corporation Served**

Document ID - 20-SMCC-10994; Served To - WALMART STORES EAST I, LP; Server - CT CORP; Served Date - 06-JAN-21; Served Time - 00:00:00; Service Type - Territory 30; Reason Description - Served; Service Text - LC

**12/10/2020** ☐ **Summons Issued-Circuit**

Document ID: 20-SMCC-10994, for WALMART STORES EAST I, LP.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. Note* You must not forward summons to the St. Louis County Sheriff/Process Server before issue date on summons. Failure to follow these instructions may result in your summons being returned.

☐ **Summons Issued-Circuit**

Document ID: 20-SMCC-10993, for WALMART, INC..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. Note* You must not forward summons to the St. Louis County Sheriff/Process Server before issue date on summons. Failure to follow these instructions may result in your summons being returned.

**12/09/2020** ☐ Filing Info Sheet eFiling

　　**Filed By:** JEFFREY DAVID HACKNEY

☐ **Pet Filed in Circuit Ct**

petition for damages; Exhibit A.

　　**On Behalf Of:** BELVERLY BOGAN

☐ Judge Assigned

DIV 1

---

Case.net Version 5.14.12　　　　　　Return to Top of Page　　　　　　Released 11/10/2020

**EXHIBIT B**

**20SL-CC05968**

Electronically Filed - St Louis County - December 09, 2020 - 06:42 PM

### IN THE CIRCUIT COURT OF THE 21ST JUDICIAL CIRCUIT
### OF MISSOURI, ST. LOUIS COUNTY

| | | |
|---|---|---|
| BELVERLY BOGAN, | ) | |
| | ) | |
| Plaintiff | ) | Cause No.: |
| | ) | |
| v. | ) | |
| | ) | Division: |
| WALMART, INC. | ) | |
| | ) | |
| Serve Agent: | ) | |
|     CT Corporation Systems | ) | |
|     129 South Central Ave. | ) | |
|     Clayton, MO 63105 | ) | |
| | ) | |
|     and | ) | |
| | ) | |
| WAL-MART STORES EAST I, | ) | |
| LP, d/b/a | ) | |
| | ) | |
| WAL-MART SUPERCENTER | ) | |
| #5927 | ) | |
| | ) | |
| Serve Agent: | ) | |
|     CT Corporation Systems | ) | |
|     129 South Central Ave. | ) | |
|     Clayton, MO 63105 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## PETITION FOR DAMAGES

COMES NOW, Plaintiff Belverly Bogan ("Plaintiff" or "Bogan"), by and through undersigned counsel, and for her Petition for Damages, states as follows and affirms that the facts stated herein are true according to her best knowledge and belief:

Electronically Filed - St Louis County - December 09, 2020 - 06:42 PM

## PARTIES AND VENUE

1.      Plaintiff is citizen residing in St. Louis County in the State of Missouri.

2.      Defendant Walmart, Inc. and its related subsidiary entities named above, Defendant Missouri Corporation Wal-Mart Stores East, LP d/b/a Wal-Mart Supercenter #5927 ("Wal-Mart Stores East") (Walmart, Inc. and Wal-Mart Stores East collectively referred to as "Defendants") both conduct business in St. Louis County and at all pertinent times had in excess of fifteen (15) employees each.

3.      Plaintiff filed her timely Charge of Discrimination against Defendants with the EEOC on or about January 16, 2020 for disability discrimination and retaliation, and then received her Right to Sue which was mailed on or about September 25, 2020 and received thereafter (See Exhibit A, attached hereto).

4.      The conduct alleged in this Petition in to have violated Americans With Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq*.) and/or Missouri law took place in St. Louis County, where Plaintiff was employed by Defendants and where Plaintiff resided, and thus venue in the Circuit Court of St. Louis County is proper pursuant to Section 508.010.4 MO Rev. Stat.

5.   Walmart, Inc. and Walmart Stores East have highly interrelated operations & shared control over management, operations, and labor relations and, as such, were joint employers of Plaintiff.

6.      Plaintiff demands a trial by jury on all issues so triable in this case.

## FACTS COMMON TO ALL COUNTS

7.   Plaintiff was employed in the Florissant, Missouri store by Defendants from November of 2018 until July 31, 2019.

Electronically Filed - St Louis County - December 09, 2020 - 06:42 PM

8.   Defendants are engaged in the business of retail sales.

9.   Walmart, Inc. and Walmart Stores East have highly interrelated operations & shared control over management, operations, and labor relations and, as such, were joint employers of Plaintiff, as evidenced by their financial interrelationship, the creation of employment policies and practices at the corporate/national level, and other sharing of control over employees – in sum, these separate legal entities have chosen to handle their employer-employee relationships jointly.

10. Walmart, Inc.'s web site claims that "Walmart employs over 2.2 million associates worldwide" at https://corporate.walmart.com/our-story and that there are 39,442 Associates in Missouri at https://corporate.walmart.com/our-story/locations/united-states/missouri?multi=false, thereby establishing that they are an employer of store employees in Missouri and elsewhere.

11. During her tenure, as detailed further herein, Plaintiff was an excellent and dedicated employee.

12. Plaintiff earned approximately eleven dollars ($11) per hour.

13. Plaintiff suffers from medically diagnosed impairments, including Rheumatoid Arthritis, that effect her ability to stand and walk.

14. As such, Plaintiff is a qualified individual with a disability and thus is a member of a protected class under the Americans with Disabilities Act (ADA).

15. Throughout her employment, Plaintiff was able to perform her job, with or without reasonable accommodation.

16. When Plaintiff was hired by Defendants, they were aware that she used a cart for mobility as a customer at the store and that she was limited in her mobility, including her ability to stoop, stand for long periods, or walk with items in hand.

Electronically Filed - St Louis County - December 09, 2020 - 06:42 PM

17. On or about November 13, 2018, Plaintiff brought in a doctor's note regarding her restrictions, which stated "Please accommodate Ms. Belverly Bogan with a chair to allow her to sit at her work stations.  She is currently being treated for an orthopedic condition in both knees."

18. Plaintiff had been diagnosed with RA in approximately 2006 or 2007.

19. If she stood for too long, Plaintiff's knee would stiffen and become unstable.

20. Plaintiff was assigned to the fitting rooms where she would act as hostess/greeter, where she would use a walkie-talkie and phone to communicate, including making announcements to employees, and would also take incoming calls and route them, acting as a kind of switchboard operator.

21. In the fitting rooms, Plaintiff would also fold clothes, let customers into changing rooms, and perform other incidental tasks such as sweeping.

22. Plaintiff enjoyed the work & performed excellently, with many customers complimenting her work and personable approach – interacting with customers was particularly enjoyable to her.

23. At first, the only real obstacle with regard to her disability was getting to the assigned restroom, which was across the store.

24. On one occasion, due to the failure of Walmart to properly accommodate her, Plaintiff did not make it to the restroom in time, causing great embarrassment.

25. As time passed, Plaintiff was also asked to re-stock items in addition to her other duties, which further posed a mobility challenge.

26. Plaintiff could not afford a mobility cart of her own & was prohibited from using any of the ones the store maintained for customer use, despite her requests for this reasonable accommodation.

Electronically Filed - St Louis County - December 09, 2020 - 06:42 PM

27. Out of necessity, at times Plaintiff would at times use a shopping cart for support, very much like a walker.

28. Plaintiff's Assistant Manager didn't like Plaintiff using a stool, and said as much, and also refused to sign a document regarding Plaintiff's needed accommodations.

29. Plaintiff was told to contact a third-party company called Sedgwick for help with accommodation.

30. Sedgwick informed Plaintiff that they would not provide her with the accommodation of a mobility cart, but that they would provide a walker-like device with a chair and basket to put clothes in, which was an insufficient accommodation.

31. Around this time, around the end of 2018/beginning of 2019, Plaintiff began to sense that the store was trying to get rid of her because of her disability, after overhearing snippets of conversation, and when a manager began to talk in rude tone of voice to her, which even customers who overheard commented on.

32. Plaintiff felt she was being harassed because of her disability and for her requests for accommodation.

33. Different managers commented, disapprovingly, that Plaintiff was the only one with a stool.

34. The store manager, Lauren, said she was going to give Plaintiff a leave of absence, even though Plaintiff neither requested nor felt she needed one – this was part of an effort to get rid of Plaintiff due to her disability.

35. When Plaintiff called Sedgewick, in approximately February or March of 2019, they told her that she needed to be accommodated rather than put on leave, which is also what Plaintiff

Electronically Filed - St Louis County - December 09, 2020 - 06:42 PM

believed -- Plaintiff's situation after returning from a leave would be the same as before, so it would solve nothing.

36. As part the mistreatment and failure to accommodate, Plaintiff was pretextually written up on a few of occasions when she should not have been, including when someone deliberately shuffled a box of clothes she was organizing, for the type of pants she was wearing one day, and for when her granddaughter was with her for a few minutes at work before my daughter picked her up – other, non-disabled employees were not disciplined in such a manner.

37. On the day of Plaintiff's termination, July 31, 2019, she was told there was a "new rule" that required "all tasks" to be completed, including tasks that were difficult or impossible for her due to her disability.

38. It was clear Plaintiff was now expected to be able to walk and stand like a non-disabled employee.

39. Plaintiff was them promptly (& illegally) terminated, allegedly for not completing "all tasks" and for points.

40. When Plaintiff asked if the person terminating her (Lawanda or Liwanda) had the authority to do so, she was threatened with having the police called on her.

41. The decision-makers with respect to her discharge were not the same decision-makers responsible for hiring her initially.

## COUNT I – DISCRIMINATORY DISCHARGE, IN VIOLATION OF THE ADA

42. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

Electronically Filed - St Louis County - December 09, 2020 - 06:42 PM

43. Defendants illegally discriminated against Plaintiff in her termination on the basis of her being disabled in violation of Americans With Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*) (hereinafter the "ADA").

44. Plaintiff is, and was at all relevant times, disabled under the ADA.

45. Plaintiff's disability affects one or more of her daily life activities.

46. Plaintiff's status as a qualified individual with a disability was a motivating factor in her determination.

47. Plaintiff was qualified to perform her job, with or without reasonable accommodation.

48. The purported reasons for Plaintiff's termination were not based on fact and were pretext for unlawful discrimination.

49. Defendants, by the actions described herein, discriminated against Plaintiff due to her disability.

50. As a consequence of Defendants' actions as described herein, Plaintiff has lost, and continues to lose, wages and other financial incidents and benefits of employment.

51. As a consequence of Defendants' actions as described herein, Plaintiff has experienced emotional distress, embarrassment, and a loss of reputation.

52. As a consequence of Defendants' actions as described herein, Plaintiff has incurred, and will continue to incur, attorney's fees, costs, and expenses.

53. Defendants' conduct was outrageous due to their evil motive and reckless disregard for Plaintiff's rights thereby entitling him to punitive damages in an amount that will punish Defendant and will deter Defendant and others from like conduct.

Electronically Filed - St Louis County - December 09, 2020 - 06:42 PM

WHEREFORE, Plaintiff requests a jury trial and that this Court enter judgment in her favor and against Defendants, declaring that Defendant has engaged in unlawful employment practices with respect to Plaintiff in violation of her rights protected by the ADA; that Plaintiff be reinstated and compensated for all losses and damages suffered as a result of Defendants' unlawful discharge of her, including, but not limited to, past and future lost income, hedonic damages, emotional distress damages, other lost financial benefits of employment, and an amount to compensate Plaintiff for any tax treatment of a damages award (if reinstatement is not a practical or possible remedy then front pay should be awarded); that Defendants be ordered to pay punitive damages; that Plaintiff be awarded pre-judgment and/or post-judgment interest on her damages; that Plaintiff be awarded attorneys' fees and costs reasonably expended on this case; and further relief as this Court deems appropriate under the circumstances

## COUNT IV – RETALIATORY DISCHARGE IN VIOLATION OF THE ADA

54. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein. Plaintiff's protected activity, as described herein, was a motivating factor in her termination.

55. The purported reasons for Plaintiff's termination were not based in fact and were pretext for unlawful retaliation.

56. Defendants, by the actions described herein, retaliated against Plaintiff due to her protected activity, including her requests for reasonable accommodation.

57. A causal connection exists between Plaintiff's termination and her protected activity.

58. Defendants, by the actions described herein, discriminated against Plaintiff due to her protected activity in violation of the ADA and 42 U.S.C. § 12203, in concert with discriminating against her due to her underlying disability itself.

Electronically Filed - St Louis County - December 09, 2020 - 06:42 PM

59. As a consequence of Defendants' actions as described herein, Plaintiff has lost, and continues to lose, wages and other financial incidents and benefits of employment.

60. As a consequence of Defendants' actions as described herein, Plaintiff has experienced emotional distress, embarrassment, and a loss of reputation.

61. As a consequence of Defendants' actions as described herein, Plaintiff has incurred, and will continue to incur, attorney's fees, costs, and expenses.

62. Defendants' conduct was outrageous due to their evil motive and reckless disregard for Plaintiff's rights thereby entitling him to punitive damages in an amount that will punish Defendant and will deter Defendant and others from like conduct.

WHEREFORE, Plaintiff requests a jury trial and that this Court enter judgment in her favor and against Defendants, declaring that Defendant has engaged in unlawful employment practices with respect to Plaintiff in violation of her rights protected by the ADA; that Plaintiff be reinstated and compensated for all losses and damages suffered as a result of Defendants' unlawful discharge of Ms. Bogan, including, but not limited to, past and future lost income, hedonic damages, emotional distress damages, other lost financial benefits of employment, and an amount to compensate Plaintiff for any tax treatment of a damages award (if reinstatement is not a practical or possible remedy then front pay should be awarded); that Defendants be ordered to pay punitive damages; that Plaintiff be awarded pre-judgment and/or post-judgment interest on her damages; that Plaintiff be awarded attorneys' fees and costs reasonably expended on this case; and further relief as this Court deems appropriate under the circumstances.

Electronically Filed - St Louis County - December 09, 2020 - 06:42 PM

Respectfully Submitted,

HKM EMPLOYMENT ATTORNEYS, LLP


_/s/ Jeffrey D. Hackney_
 Jeffrey D. Hackney, #53158
HKM Employment Attorneys, LLP
13321 N. Outer 40, Suite 500
Town & Country, Missouri 63017
Telephone: 314-448-4282
Fax: 314-448-4300
jhackney@hkm.com

**Attorneys for Plaintiff**

**20SL-CC05968**

Electronically Filed - St Louis County - December 09, 2020 - 06:42 PM

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Belverly Bogan<br>12011 Parker Estates Ct.<br>Florissant, MO 63033 | From: | St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

| | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 560-2020-00921 | **Walter H. Harris, III,**<br>**Investigator** | **(314) 798-1943** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*James M. Gall*

Digitally signed by James M. Gall
DN: cn=James M. Gall, o=EEOC, ou=Intake,
email=james.gall@eeoc.gov, c=US
Date: 2020.09.25 14:13:03 -05'00'

**Lloyd J. Vasquez, Jr.,**
**District Director**

September 25, 2020

Enclosures(s)

*(Date Mailed)*

cc:

| Scott Forman<br>Shareholder<br>WAL MART<br>c/o Littler Mendelson, P.C.<br>2201 Mcgee St., Ste. 800<br>Kansas City, MO 64108 | Levy Leatherman<br>Walmart<br>2301 McGee Street,<br>Suite 800<br>Kansas City, MO 64108 | Jeff Hackney<br>HKM EMPLOYMENT ATTORNEYS, LLP<br>13321 N. Outer 40 Rd.<br>Suite 500<br>Town And Country, MO 63017 |
|---|---|---|

Enclosure with EEOC
Form 161 (11/16)

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to
consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of
your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the
charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
<u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be
made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

Electronically Filed - St Louis County - December 09, 2020 - 06:42 PM

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),   **"major life activities"  now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRIAN H MAY | Case Number:  20SL-CC05968 |
| Plaintiff/Petitioner:<br>BELVERLY  BOGAN | Plaintiff's/Petitioner's Attorney/Address<br>JEFFREY  DAVID HACKNEY<br>2 CITY PLACE<br>SUITE 200<br>CREVE COEUR, MO 63141 |
| **vs.** | |
| Defendant/Respondent:<br> WALMART, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

**SHERIFF FEE PAID**

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  **WALMART,  INC.**
**Alias:**

**CT CORPORATION SYSTEMS**
**129 SOUTH CENTRAL AVE**
**CLAYTON, MO 63105**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
       **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>10-DEC-2020</u>
**Date**

_____
**Clerk**

**Further Information:**
AW

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name)_____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).
_____          _____
    Printed Name of Sheriff or Server                                 Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
*(Seal)*     Subscribed  and sworn to before me on _____ (date).

    My commission expires: _____          _____
                                  Date                             Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ ___10.00___ | |
| Mileage | $ _____ | (_____ miles @ $._____ per mile) |
| **Total** | **$ _____** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## <u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRIAN H MAY | Case Number:  20SL-CC05968 |
| Plaintiff/Petitioner:<br>BELVERLY  BOGAN | Plaintiff's/Petitioner's Attorney/Address<br>JEFFREY  DAVID HACKNEY<br>2 CITY PLACE<br>SUITE 200<br>CREVE COEUR, MO 63141 |
| **vs.** | |
| Defendant/Respondent:<br> WALMART, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

**SHERIFF FEE PAID**

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:  WALMART STORES EAST I, LP**
         **Alias:**
         **DBA:  WAL-MART SUPERCENTER  #5927**

CT CORPORATION SYSTEMS
129 SOUTH CENTRAL AVE
CLAYTON, MO  63105

*COURT SEAL OF*



*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
       **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

    <u>10-DEC-2020</u>
    Date

    Further Information:
    AW

_____
                          Clerk

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with h
_____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name)_____(title).

☐ other _____.

Served at _____ (address)

in _____(County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
      Printed Name of Sheriff or Server                     Signature of Sheriff or Server

       **Must be sworn before a notary public if not served by an authorized officer:**

       Subscribed  and sworn to before me on _____ (date).

*(Seal)*

       My commission expires: _____    _____
                                Date                            Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3)  Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4)  Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5)  Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

*Return*

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H MAY | Case Number: 20SL-CC05968 | |
|---|---|---|
| Plaintiff/Petitioner:<br>BELVERLY BOGAN | Plaintiff's/Petitioner's Attorney/Address<br>JEFFREY DAVID HACKNEY<br>2 CITY PLACE<br>SUITE 200<br>CREVE COEUR, MO 63141 | **SHERIFF FEE<br>PAID** |
| **vs.** | | |
| Defendant/Respondent:<br>WALMART, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp)<br>FILED |

## Summons in Civil Case

The State of Missouri to: WALMART, INC.

CT CORPORATION SYSTEMS
129 SOUTH CENTRAL AVE
CLAYTON, MO 63105

**Alias:**

*30 CTLOR*

JAN 08 2021

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

10-DEC-2020
Date

Further Information:
AW

_Joan M. Gilmer_
Clerk

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name). **LCW – B. LOVE** _____ (title).

☑ other _____ **INTAKE SPECIALIST**

Served at **CT CORPORATION** _____ (address).

in **St. Louis County** (County/City of St. Louis), MO, on **JAN 0 6 2021** (date) at **9 AM** (time).

_Tom Deakin_
Printed Name of Sheriff or Server

Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

*Return* 1/9



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H MAY | Case Number: 20SL-CC05968 |
|---|---|
| Plaintiff/Petitioner:<br>BELVERLY BOGAN | Plaintiff's/Petitioner's Attorney/Address<br>JEFFREY DAVID HACKNEY<br>2 CITY PLACE<br>SUITE 200<br>CREVE COEUR, MO 63141 |
| vs. | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br>WALMART, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

FILED

| | |
|---|---|
| The State of Missouri to: WALMART STORES EAST 1, LP<br>Alias:<br>DBA: WAL-MART SUPERCENTER #5927 | JAN 08 2021 |

CT CORPORATION SYSTEMS
129 SOUTH CENTRAL AVE
CLAYTON, MO 63105

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

*30 CT COR*

COURT SEAL OF

ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**10-DEC-2020**
Date

Clerk

Further Information:
AW

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 16 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) **LCW – B. LOVE** _____ (title). **INTAKE SPECIALIST**

☑ other _____

Served at **CT CORPORATION** _____ (address)

in **St. Louis County** (County/City of St. Louis), MO, on **JAN 0 6 2021** (date) **9 A.M.** (time).

*Tom Deakin*
Printed Name of Sheriff or Server

Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

Notary Public

1/4